## Commonwealth v. Mosholder

*William J. Blimmel*, assistant district attorney, for Commonwealth.

*Frank P. Barnhart*, for defendant.

GRIFFITH, J., May 15, 1942.—Defendant, I. J. Mosholder, was indicted under The Penal Code of June 24, 1939, P. L. 872, sec. 525, 18 PS §4525, in an indictment which charged that he "did wilfully sell and keep for sale certain instruments, to wit: rubber prophylactics, purporting to be for the use of females for the purpose of preventing conception". After the jury was sworn, and before taking testimony, the Commonwealth moved to amend the indictment by striking out the word "sell" inasmuch as the Commonwealth was not in position to prove any sale on the part of defendant. This amendment was allowed.

The testimony adduced on behalf of the Commonwealth showed that some 55 gross of contraceptives

were found in the possession of defendant. A portion of these were found in his automobile truck and the remainder in his garage. Upon the conclusion of the Commonwealth's testimony, defendant demurred to the evidence and submitted a point for binding instructions, and adduced no testimony.

The jury found defendant guilty on the count with which we are now concerned, and defendant immediately moved for a new trial and made a separate motion in arrest of judgment. The motion for a new trial has not been seriously pressed, so that we shall now consider the motion in arrest of judgment.

Until the passage of The Penal Code of 1939, above referred to, the sale or keeping for sale of contraceptives was governed in Pennsylvania by the Act of March 16, 1870, P. L. 39, sec. 2, 18 PS §777, and the Act of May 12, 1897, P. L. 63, sec. 2, 18 PS §778.

The Act of 1870 prohibited the advertisement and the sale, and keeping for sale, of any secret drug or nostrum purporting to be for the use of females, and also the publishing of an account or description of any drug, medicine, instrument or apparatus for the purpose of preventing conception.

The Act of May 12, 1897, prohibited the possession, with the intent to sell, lend or give away, any instrument or article for the prevention of conception, and also the advertising or representation that it could be so used.

During the period over which the Act of May 12, 1897, was effective, therefore, it was a misdemeanor for any one to have in his possession, with the intent to sell, lend, or give away contraceptives. In this case, due to the large quantity of contraceptives found in defendant's possession, the intent to lend, sell, or give away could be presumed. However, The Penal Code of 1939, first above referred to, repealed both the Act of 1870 and the Act of 1897, and it is earnestly contended by defendant that the sale and keeping for sale

of contraceptives is no longer prohibited in Pennsylvania, provided the articles are not publicized or exhibited in any manner.

The Penal Code of 1939 reads as follows (sec. 525) : "Whoever prints or publishes, or causes to be printed or published, in any newspaper, pamphlet, book or circular, any advertisement of, or sells or keeps for sale, or gives away or publishes an account or description of, or by writing, publishes or circulates any notice of any secret drug, nostrum, medicine, recipe or instrument, purporting to be for the use of females for the purpose of preventing conception, or procuring abortion or miscarriage, is guilty of a misdemeanor." An exception is made in favor of teaching in medical colleges and publication of standard medical books.

It is contended by defendant that the prohibition contained in this section of selling or keeping for sale applies to the "account or description of" the drug, nostrum, medicine, recipe or instrument. It is contended by the Commonwealth that the selling or keeping for sale, which is prohibited, applies to the drug, nostrum, medicine, recipe or instrument itself.

Had there been a comma after the word "away" in the phrase "or gives away", and a comma after the word "of" in the phrase "any notice of any secret drug", the construction contended by the Commonwealth might possibly be sustained. However, in the absence of this punctuation it is difficult to construe the language as contended for by the Commonwealth. This is a penal statute and must be strictly construed. The best that can be said for it from the Commonwealth's viewpoint is that it is ambiguous. This is not sufficient upon which to base a conviction under the criminal law.

We are not called upon to pass on the question as to whether defendant could be found guilty of a common-law offense for the reason that the Commonwealth has chosen to rely solely on the statute. In this case, how-

ever, it is difficult to see how even a common-law offense could have been perpetrated, inasmuch as the contraceptives were found in defendant's truck and garage. Had they been openly exposed to sale, we would be met with an entirely different situation, in which event a common-law prosecution could probably be sustained.

We must, therefore, enter the following

*Decree*

And now, May 15, 1942, after argument and upon due consideration, defendant's motion for a new trial is denied, defendant's motion in arrest of judgment is sustained and defendant is discharged, the county to pay the costs.